UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MICHELLE LATOUCHE



Plaintiff                   **COMPLAINT**

-against-

                    Defendant(s)

WELL FARGO HOME MORTGAGE  INC., WELL FARGO BANK NA,
ASEF MORTGAGE CAPITAL, STEVEN SHAHIPOUR, PANEBIANCO THOMAS ESQ,
STEVEN J. BAUM ESQ, HOWARD ASSOCIATE INC., BRUCE  HOWARD,
PLAZA HOMES LLC. ALBERT BASAL, FRED BASAL, ALFRED BASAL,  STEIN AND
SHEILDLOWER  LLP MICHEAL CRAIGTON, JANUS ABSTRACT INC, SAHRIAR
AFSHARI, HIGINIO MARTINEZ, VIGO CONSTRUCTION CORP
_____X

**FILED
CLERK**

2016 MAR -9  AM 11: 43

U.S. DISTRICT COURT
EASTERN DISTRICT
NEW YORK

**BLOCK, J.**

**MANN. M.J.**

1. This is an action brought against defendants by Plaintiff Michelle Latouche a purchasers of residential real property for multiple acts of fraud, conspiracy to commit fraud, professional malpractice, breach of fiduciary duty, and violation of federal and state statutes, to wit: the Truth-in-Lending Act (15 U.S Section 1691, et seq)  the New York State Deceptive Practices and the General Business section 349.  The action seeks money damages and rescission of contracts related to financing of plaintiff's property.

2. The action also seeks damages  under the Federal Tort Claims Act (28 U.S.C §2680) against Well Fargo Bank NA and it subsidiary Well Fargo Home Mortgage Inc.  for negligently discharging its duties under certain provisions of the National

Housing Act (12 U.S.C. §1708, 1709) by violating a special duty of care its owes to prospective purchasers /borrowers to: (a) exercise due diligence in the issuance of FHA and other federally insured mortgages and b) directly warn prospective purchasers/borrowers of a known and substantial risk to said purchasers/borrowers of the characteristics and dangers of being victimized by "predatory" selling/lending schemes.

## JURSIDICTION

3. Jurisdiction is conferred by 28 U.S.C. §§ 1331, 1337, 1343(3) and (4) ,and 1346.

4. Supplemental jurisdiction is conferred by 28 U.S.C. §1367.

## **PARTIES**

### PLAINTIFF

5. Michelle Latouche is a purchasers of residential real property located at 373 Marion Street, Brooklyn, New York 11233. Ms. Latouche at that time was employed as a Senior Auditor at New York Presbyterian Hospital for more than 9 years.

**Defendants and the role of each in the conspiracy to defraud plaintiffs:**

6. Wells Fargo Home Mortgage, Inc., a retail mortgage lender, provides home mortgage solutions. The company offers construction and renovation financing, home buying, and refinancing solutions, as well as jumbo, adjustable-rate, and reverse mortgages. It was originally incorporated in the State of California. Well Fargo Home Mortgage is a subsidiary of Well Fargo Bank NA. where its principal office is One Huntington Quadrangle Melville, NY. 11747. Upon information and belief, failed to exercise due diligence in the issuance of FHA and other federally insured mortgages and directly warn prospective purchasers/borrowers of a known and substantial risk to said purchasers/borrowers of the characteristics and dangers of being victimized by "predatory" selling/lending schemes. Upon information and belief and directly and indirectly exerts influence over Howard Associate/B. Howard SRA in preparation of the fraudulent appraiser report and upon information and belief conspired with ASEF Mortgage Capital who was her broker/agent/sponsor to hire Howard Associate/B. Howard SFA to use its position of authority to carry out the fraudulent scheme.

7. ASEF Mortgage Capital is a domestic corporation in New York State with his principal office as 160-05 Hillside Avenue Jamaica, New York 11432 and act as a broker/agent to Well Fargo Home Mortgage. She originated the loan acting in conspiracy and collusion with Well Fargo Home Mortgage in failing to exercise due diligence in the issuance of FHA and other Federally insured mortgages. Upon

information and belief Asef Mortgage capital directly or indirectly exerts influence and control over the Seller, Plaza Homes LLC, Alfred Basal Albert Basal, Fred Basal and, Panebianco Thomas Esq and Howard Associate Inc./B.Howard SFR.

8. Michael Craigton is an Attorney with Stein and Sheidlower LLP Carle Place, New York. He acted as the settlement agent on behalf of the lender and HUD in connection with the closing. Mr. Craigton made payments of FHA mortgage loan proceeds to other members of the conspiracy who are defendants in this action. He hid the true disbursement of the loan proceeds from lenders by preparing false mortgage settlement statement.

9. Panebianco Thomas, Esq. is the attorney for Plaintiff who personally known to the Seller Alfred Basal, Albert Basal, Fed Basal of Plaza Home reality and Asef Mortgage Capital Corp and they introduced plaintiff on the day of closing and coerce plaintiff to allow Mr. Thomas represent Plaintiff as Attorney and, he not only failed to disclose his relationship with defendants Alfred Basal, Albert Basal and, Fred Basal of Plaza Homes LLC. in the subject transaction, and past business relationship with both Plaza Homes LLC. and Asef Mortgage Capital/Well Fargo Home Mortgage, but acted against the interests of the plaintiff by assuring her of reasonableness, regularity and propriety of transaction, including its financing, and by encouraging them to rely on his loyalty, expertise and commitment to protecting their interests while in that capacity, provided advice, counsel and work product to

Plaintiff by which he knowingly and intentionally furthered their conspiracy to defraud the plaintiff.

10. Plaza Homes LLC is a New York State domestic Limited Liability Company located at 147-24 Hillside Avenue New York 11435. It's role in the conspiracy to defraud plaintiff involved "steering" the plaintiff to both Asef and Well Fargo, concealing from them the exact estimated amount to convert the premises to three family dwelling, and a variety of false statements to plaintiffs regarding the conditions of the premises, the work that needed to be done and the work which Asef Mortgage Capital, Well Fargo and other individual private defendants promised would be done.

11. Alfred Basal is the Managing Member of Plaza Homes LLC and, along with his Brothers and members of Plaza Homes, Albert Basal and Fred Basal, acted in concert with Asef and Well Fargo to steer the plaintiff to subject premises, discourage and prevent them from shopping around for other mortgage lenders or from obtaining financing from any lender except Well Fargo, and to falsely represented to plaintiff that the premises, which were purchased by Plaintiff shall be improved to three family dwelling prior to closing of the 203k FHA loan.

12. Steven J. Baum P.C is a Law firm in the State of New York with offices at 220 Northpointe Parkway Suite G Amherst, NY 14228. He not only proceed to file an improper foreclosure proceedings against plaintiff knowing his client Well Fargo

is involving in a predatory lending schemes and knowing the subject premises is a commercial property as such did not qualify for the FHA loan program. Steven J Baum also proceed to represent its client Well Fargo Bank in a FHA Loan Modification Scheme with impropriety of signatory, acted against the interest of the plaintiff by assuring her of reasonableness, regularity and propriety of transaction, including the initial financing, and by encouraging her to rely on the law firm loyalty, expertise and commitment to protecting her interests in the modification process.

13. Sahriar Afshari, is an Engineer hired by Plaza Homes, acting in conspiracy and collusion with Plaza, Well Fargo, Asef and the individual private defendants, furthered the fraudulent scheme by leading the plaintiffs to believe that he would perform, purportedly on behalf of the United States Department of Housing and Urban Development, a physical inspection and analysis of the condition of the subject premises and produce an accurate and reliable statement of the repair and rehabilitation work that needed to be performed, while, in fact, concealing the existence of numerous, severe structural and other defects from the plaintiff. Also he submitted to the New York City Department of Buildings a false cost estimate and a building plans in furtherance of the conversion of the subject premises to a three family dwelling.

14. Bruce Howard of Howard Associates was retained by the defendants Well Fargo and Asef to prepare a grossly inflated and inaccurate appraisal report on the fair

market value of 373 Marion Avenue Brooklyn, New York, which appraisal was presented to plaintiffs as a true reliable estimate of the worth of the premises, but which, in fact, falsely described the existing conditions, concealed serious structural and other defects, and grossly overstated the fair market value of the premises. Also Mr. Howard misrepresented a material fact stating in his report that the premises is a Four Family Dwellings and it conform to HUD/FHA standard whereas the premises was a Five Family and a store and does not conform to HUD/FHA standard. Upon further information and belief, Bruce Howard acting in conspiracy with the members of Plaza Homes, Well Fargo and Asef intentionally disregarded or consciously conceal a material fact to the United States Department of Housing and Urban Development in determination of the 203K FHA loans.

15. Higinio Martinez, owner of Vigo Construction Group, is a contractor, who was engaged by Plaza Homes, Well Fargo and Asef to perform the conversion to three family dwellings and repairs apply for permit with NYC building department which repairs were intended, ab initio, to be carried out in a shoddy, substandard and incomplete manner which would produce an excess of funds in the repair escrow which Well Fargo, Asef and Plaza Homes would unlawfully and fraudulently retain.

16. Janus Abstract Inc. is a domestic corporation in the state of New York with Office at 114 Jericho Tpke Flora Park, NY. 11001. Janus Abstract was retained by Plaza Homes LLC Upon information and belief, acted at the direction and on behalf of

Home Plaza, Asef Capital and Well Fargo in fraudulently concealing material facts regarding the financing of the premises and was aware that the property is a 5 family and a store dwelling which conform to a commercial property and that the premises is not eligible for a FHA financing. Janus being retained by the seller Plaza home on behalf of the above mention defendant concealed other building violations regarding to the building conditions and was not on the interest of plaintiff, a blatant conflict of interest in the furtherance to defraud the plaintiff.

## STATUTORY AND REGULATORY FRAMEWORK

17. This case arises, inter alia, under the National Housing Act (12 U.S.C. §1701 *et seq*), 15 U.S.C. 1601 (Truth I Lending Act); 15 U.S.C. §1691 (Equal Credit Opportunity Act); 28 U.S.C. § 2680 (Federal Tort Claims Act); and New York State GBL §349 (Deceptive Practices Act).

18. The National Housing Act provides, *inter alia*, for the Federal Housing Administration (FHA) to provide mortgage insurance to lenders, enabling them to provide mortgage loans to persons who may be otherwise ineligible for such loans.

19. The Truth in Lending Act provides monetary and, where appropriate, other relief, including attorney fees, for failure to accurately disclose a variety of financing information.

20. The Equal Credit Opportunity Act makes it unlawful for any lender to discriminate against any applicant for credit in *any aspect* of a credit transaction on the basis, *inter alia,* of race and provide for monetary relief and attorney's fees for its violation.

21. The Federal Tort Claims Act provides for money damages against the United States when an agency thereof acts in a negligent fashion against persons to whom it owe a duty of care, and such persons are inured as the proximate result of that negligence.

22. New York State's Deceptive Practices Act prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the provision of any service, and provides, *inter alia,* for money damages, injunctive relief and attorney's fees for its violation.

## STATEMENTS OF FACTS

23. The plaintiff with the intent of purchasing a three-family home as a first time home buyer planned to take advantage of the low down payment and the low interest rates offered by FHA loan program.

24. Plaintiff met with real estate brokerage which had access to homes for sale in Brooklyn, New York affordable for moderate income persons.

25. On about February 24, 2002, the plaintiff went to the offices of defendant Home Plaza LLC. and met with the defendants Alfred Basal, Fred Basal and Albert Basal who were all member of Home Plaza LLC .

26. On that same day, the defendant Alfred and defendant Albert took them to see a multiple dwelling 3 stories house at 373 Marion Street in the section of Brooklyn, New York.

27. Defendants Alfred and Albert told plaintiff that the house needed substantial work and presently the building is a 5 family dwelling and a store, that they will be converting the building to a 3 family dwelling.

28. During this first visit, it was impossible for the plaintiff to determine whether the work that was necessary was all "cosmetic" in nature, and they relied on defendant Alfred and Albert initial representations that they were very familiar with the property and knew precisely what work needed to be done.

29. Upon information and belief, on or about February, 2002, the plaintiff met for the second time with Defendants Alfred, Fred and Albert at Home Plaza offices and was introduced to defendant Steven Shahipour, of Asef Capital Mortgage/Well Fargo Home Mortgage   At this time, Plaintiff extensively interviewed regarding plaintiff own income, finances and debts.  No sales price for the house had as yet been given to them.

30. Upon information and belief, as part of the fraudulent scheme to withhold the quotation of any sale price for the property until after Plaza Homes and its individual defendants obtain from its intended victims a complete financial profile regarding their income, expenses and debts.

31. Upon information and belief, as part of the fraudulent scheme, it is the practice of Plaza Homes LLC. and the defendants individually mentions as member to determine a total price, including both purchase and repair cost, based not upon fair market value or a pre-determined asking price set by the sellers, but rather upon an analysis of the maximum amount prospective buyers can afford to borrow.

32. Upon information and belief, prospective purchasers, including plaintiff herein, are led to believe that the financial information is sought from them as part of a determination of whether they are "loan worthy" and financially responsible individuals, when in fact the information is used to determine a maximum amount the purchaser can be deceived and/or manipulated into borrowing for the purchase and repair of the premises, first informed them of the financial terms of the proposed sale.

33. Upon information and belief, on or about April 8, 2002 the plaintiff met the defendant Steven Shahipour of Asef Capital Mortgage/Well Fargo Home Mortgage at their office and Plaintiff brought with her the various financial data and

information which Shahipour had requested, including information about their income, earnings and debts.  Present at this time was defendant Alfred Basal of Plaza Homes LLC.

34. Upon information and belief, the defendants Steven Shahipour, Asef Capital Mortgage, Well Fargo Home Mortgage, acting in collusion with Plaza Homes LLC, Alfred Basal and the other individual private defendants having ascertained that the plaintiff could raised $12,000 in cash and could be convinced to borrow approximately $410,000 for the purchase, renovation and repairs of the premises, first informed her of the financial terms of the proposed sale.

35. Upon information and belief, the defendants Alfred Basal and Steven Shahipour informed the plaintiffs that the fair market value for the house in "as is" condition was $185,000 and that they would have to borrow and put into escrow for renovation and repairs the sum of $225,000. Exclusive of certain costs, the plaintiff were told that the total purchase renovation and repairs price of the premises was approximately $410,000, which Alfred Basal and Steven Shahipour stated was a fair, reasonable and affordable price.

36. Upon information and belief, the plaintiffs were told that the approximately $12,000 she paid in cash would be credited as a down payment, and did not inform her that   $12,000 of that amount would, instead, be used to pay closing costs.

37. Upon further information and belief, as part of the fraudulent scheme, prior to the completion of the sale, the defendants Well Fargo Home Mortgage and Asef Mortgage Capital and Sahriar Afshari in conspiracy and collusion with the defendants Bruce Howard and Howard Associates Inc. arranged for the preparation of both a false and fraudulent appraisal of the fair market value of the premises, as well as a false and fraudulent inspection report and analysis of the physical condition of the premises and the true costs of repair.

38. Upon information and belief, the material misrepresentations contained in the Uniform Residential Appraisal Report prepared by the defendant Bruce Howard include, but are not limited to, the following:

a) It falsely states the fair market value, as of April 20, 2002, at $410,000, despite the fact that, that he states the property was undergoing repairs.

b) It falsely states that the property is a 4 family and an office\retail space at the time of appraiser while the property was a 5 family and a store

c) it falsely states that there are no structural defects or substandard conditions did not exist, including broken windows, plumbing leaks, in adequate water pressure, and water damage to the premises; and

d) It falsely states that a variety of other defects or substandard conditions did not exist, including broken windows, plumbing leaks inadequate water pressure, and exposed wiring, when in fact they exist.

39. Upon information and belief, this appraisal was prepared for the dual purpose of defrauding the plaintiff as to the value of the premises in both "as is" and "as repaired and renovated" condition , as well as defrauding HUD, which provided FHA mortgage insurance – the premium for which is paid by the plaintiffs – grossly inflated price set forth in appraisal.

40. Upon information and belief, the defendant Panebianco Thomas, Esq., intentionally backdated a contract of sale which he then included among the other closing documents and, Thomas successfully acquired plaintiff's signatures thereon, making it appear as if the contract had been signed *prior* to closing.

41. Upon information and belief, the summary of estimated repair costs, made by the defendant Sahriar Afshari and Bruce Howard, knowingly and intentionally ignored and omitted serious structural and other defects which would have cost an additional $75,0000.00-$100,000.00 to correct and which, if known, would not have precipitated the plaintiff's withdrawal from the transaction, but upon further information and belief, would have rendered the premises financially ineligible for both the FHA Mortgage insurance and 203k rehabilitation loan.

42. Upon information and belief, as part of the fraudulent scheme engaged in by the private defendants, it was represented to the plaintiff, and the plaintiff relied on claims that defendants Sahriar Afshari and Bruce Howard were employed by or were acting on behalf of HUD, and that they not only had special expertise in their respective areas, but also were entirely independent of the seller, broker and lender,

and that their assessment, evaluations and reports were particularly reliable and honest as they performed on behalf of HUD.

43. Upon information and belief the plaintiff were urged and encouraged to rely entirely on the defendants, individually and as a group, to look after and protect their interests, and were aggressively discouraged from retaining any independent advice and counsel, whether legal, financial, architectural or otherwise.

44. Upon information and belief, as part of the fraudulent scheme, it was necessary to isolate the plaintiff from honest and independent advisors or representatives, and in fact, after the initial contact with Alfred Basal and Steven Shahipour he plaintiff were steered to each of the private defendants.

45. Thus, upon information and belief, the plaintiff was told that in order to be eligible for the purchase and 203k repair loan, they had to use the defendant Asef Capital and Well Fargo as their lender.

46. Upon information and belief, plaintiff was also told that they did not need to hire their own engineer, inspector and appraiser because the defendants Sahriar Afshari and Bruce Howard would "take care of that", and it would save them a great deal of money. Further, plaintiff was told that, as part of the deal, they had to escrow the repair and renovation loan proceeds with Well Fargo Home Mortgage which in turn would hire the contractor, and they would not be permitted to shop around for and hire their own contractor.

47. Upon information and belief, the plaintiff was told that they did not need to hire an attorney until it was time for the closing, and at that time, counsel would be provided for them.

48. Upon information and belief, the attorney that was effectively" assigned" to her to represent her interest in the subject transaction was an attorney who represented Plaza Homes LLC and Well Fargo Home Mortgage in previous transaction. At no time did Alfred Basal his brothers and Steven Shahipour ever disclose to the plaintiff that he had a close business relationship with the principals of both the seller and the lender.

49. Upon information and belief, the plaintiff never met or spoke with defendant Panebianco Thomas, Esq. prior to the closing on June 25, 2002, despite the fact that he is named as counsel for the plaintiffs in a Rider to the backdated contract of sale dated April 16, 2002.

50. Upon information and belief, with the connivance of the defendant Panebianco Thomas, Esq Plaintiff's Attorney including defendants Michael Craighton defendant Well Fargo Attorney who work for Stein and Sheildlower L.L.P simply handed her documents which should have been prepared and reviewed by plaintiff and her attorney, Panebianco Thomas, well before closing, including contract of

sale, were simply handed to plaintiff along with dozen of other documents or individual pages requiring signatures, for execution.

51. Upon information and belief, at the closing, plaintiff were directed by Panebianco Thomas Esq. to sign documents and initial numerous individual pages thereof, after he assured them they each document was in order and should be signed. Plaintiff relied entirely on her attorney's assurances that each document signed and each page initialed was proper, complete, and in her interest to execute.

52. Upon information and belief, other relevant documents in connection with an FHA 203K loan were not seen and signed by plaintiff at the time of closing among which include: (a) the HUD/VA Borrower's Certificate; (b) the Homeowner-Contractor Agreement for renovation and repairs (c) the specification of repairs and narrative scope of work (d) draw request authorizing the release of funds *prior to* the commencement of any repair or rehabilitation and completion thereof of the premises, and (e) approve inspection by NYC department of Buildings.

53. Upon information and belief, Well Fargo or its agent did not appoint anyone, in his capacity as an inspector to inspect and to verify satisfactory completion of work that premises is improved to a three family dwelling prior to release of payment to contractor or the defendants connected to this FHA transaction.

54. Upon information and belief false and fraudulent certifications were executed since there were no work done in connection with improving the subject premises to a three family dwelling and whereas such rehabilitation never occurred.

55. Upon information and belief, *none* of the work called for in the scope of work ie (improving premises to a three family dwelling) had even been commenced *prior* to the closing and conveyance of title, and very little work had been completed when the plaintiff were fraudulently induced to sign the Truth-in-lending HUD Statement dated June 25, 2002, authorizing the release of the 203k Rehabilitation loan proceeds.

56. Upon information and belief, a substantial amount of work called for in the scope of work has *never* been completed, including but not limited to the conversion of the premises to a three family dwelling.

57. Upon information and belief, despite the fact that every inspection report value the subject premises as $410,000 which was also the sale price, the plaintiffs were deceived that the 203k loan amount was included in the sales price.

58. Upon information and belief, no accounting has been made by the defendant Well Fargo Home Mortgage to the plaintiff regarding the distribution of said 203K loan, despite the fact that, upon further information and belief, and significant portion of these monies, on which interest is being charged to the plaintiffs, remains in the possession of the defendant Well Fargo Home Mortgage.

59. Upon information and belief, the circumstances encountered by the plaintiff in this transaction, including but not limited to (a) the steering of the purchaser/borrower to a particular lender by a seller; (b) the steering of the purchaser/borrower to a particular lawyer recommended or provided by the lender and seller (c) the discouragement of purchaser/borrower from obtaining independent inspection and/or engineering reports; (d) use of an inflated appraisal of property; (e) the accelerated time frame from contract of sale to closing; and (f) the advertisement to the public of the availability of "approved" FHA insured mortgages as a means of creating an illusion of legitimacy and credibility of the predatory transaction are all hallmarks of predatory lending which are well known to HUD and its subdivision, the FHA.

60. Upon information and belief, despite HUD's actual knowledge of the locations, indicia and victim profiles of the predatory lending epidemic, and despite direct communications from the FHA to prospective purchaser/borrowers regarding other matters, neither HUD or the FHA provide any warning to them setting forth either the risks or the signs of a predatory sale or loan.

61. Upon information and belief, the process by which HUD, through the FHA, evaluates applications for mortgage insurance completely disdains any precautionary action or heightened degree of diligence regarding applications which, on their face, involve one of HUD's own designated predatory lending hot

zones, despite its actual knowledge that obtaining federal mortgage insurance is an essential element of the fraudulent predatory lending scheme.

62. Upon information and belief, every contact of sale of residential real property involving a mortgage insured by the FHA contains, or is supposed to contain, an "F.H.A RIDER" requiring the *seller*, prior to completion of the purchase, to provide the *purchaser* with a statement *issued by the Federal Housing Commissioner* setting forth the appraised value at being *not less* than the amount of the mortgage being insured by the FHA.

63. Upon information and belief, HUD has engaged in a negligent pattern of either failing to issue such statement, and/or failing to insure this Rider is made part of the contract of sale, and/or delegating the selection of the appraiser to an interested party, to wit, the lender and ignoring the potential conflict of interest created thereby, and/or implicitly vouching for the contents of the appraisal by allowing purchasers to believe that it was prepared by the FHA Commissioner.

64. Upon information and belief, in the instant case, said Rider was annexed to the contract of sale and contained language, which clearly referred to the appraisal, that the Federal Housing Commissioner had issued a statement that the appraised value of the subject premises was not less than $397,700 when, in fact, the Federal Housing Commissioner had not issued, approved or even seen said appraisal at the time it was shown to plaintiff.

65. Upon information and belief, there are numerous hiding charges, inconsistencies and discrepancies in, between and among the Truth-in-Lending (TIL) Statement, statement of Settlement Charges, the contract of sale, loan application, and estimate of repair costs, including but not limited to: a) additional hidden "points" designated "Supp. Orig. To Consumer".

66. Upon information and belief, Contractor ceased work before all repairs were performed and/or completed on a workmanlike fashion and failed and refused to complete all repairs called for in the repair agreement in connection to improving premises to a three family dwelling

67. Upon information and belief, plaintiff repeatedly contacted the offices of Panebianco Thomas, Esq, the seller and the lender in order to both obtain a final closing statement and completed, executed copies of all documents, and to direct him to demand compliance from contractors or their agent for purposes of enforcing the repair agreement improving it to a three family dwelling and the FHA standard.

68. Upon information and belief, Well Fargo Home Mortgage has never returned or otherwise responded, to any request, contact or communication from the plaintiff, and has never supplied any report on completion of repairs or renovation in connection with the 203k rehabilitation loan knowing that Well Fargo home Mortgage assumed a fiduciary duty to the plaintiff to supervise, oversee and assure

that the repair agreement and acquisition of an amended certificate of occupancy was carried out in a timely and competent manner, and the contractor and other parties agreed to perform all repairs in a complete and workmanlike fashion as required by HUD regulation.

69. Upon information and belief sellers has completely failed and refused to communication from the plaintiff, and has never supplied a closing statement or copies of any document in connections to the repairs and renovation as executed at his direction at the closing.

70. Upon information and belief, Panebianco Thomas, Esq, members of Plaza Homes LLC., Well Fargo Home Mortgage the engineer/architect Sahriar Afshari, the contractor Higinio Martinez, and others has completely failed and refused to communicate with the plaintiff since June 25, 2002 in order to conceal and cover up the conspiracy to defraud the plaintiff and his critical role in it in connection with the 203k rehabilitation of the subject premises.

71. Sometime in February 2008, the plaintiff stop paying the mortgage, Well Fargo Bank claiming ownership of the note and mortgage by merger to Well Fargo Home Mortgage through their attorney Steven J Baum file a foreclosure action in this court on August 2008.

72. On December 2009, the plaintiff Well Fargo offer a loan modification under the Federal government loan modification program (FHA-HAMP).

73. Upon information and belief the plaintiff Well Fargo through it representative Steven Baum did conceal the fact that the property at the time of the modification did not satisfy the criteria of FHA-HAMP modification because the property was a commercial property. (five family dwelling and a store).

## AS AND FOR A FIRST CAUSE OF ACTION

## CONSPIRACY TO COMMIT FRAUD:

The General Pattern of the Fraudulent Conspiracy

74. The plaintiff repeat and re-allege all of the allegations set forth above as if fully set forth in this paragraph.

75. Upon information and belief, defendant Well Fargo Home Mortgage, conspiring with and acting in concert with sellers, real estate brokers, lawyers, appraisers, contractors, and others, regularly engages in a widespread pattern of fraudulent business activity known as "predatory lending".

76. Upon information and belief, predatory lending may take various forms, including but not limited to conspiring with sellers, brokers and attorneys to sell residential real estate to unsuspecting purchasers at a grossly inflated amount, and then "steering" said purchasers to Well Fargo Home Mortgage for the financing of the grossly inflated purchase price.

77. Upon information and belief, this practice typically requires Well Fargo Home Mortgage to conspire with the seller and broker, who receive, in whole or in part, the benefit of the inflated sale.

78. Upon information and belief, this fraudulent predatory lending scheme typically requires Well Fargo Home Mortgage and/or its co-conspirator as part of the overall agreement to defraud the purchasers, to steer the purchasers to an attorney who is, in fact, acting in furtherance of the conspiracy, and said attorney acts as the purchaser's lawyer.

79. Upon information and belief, because Well Fargo Home Mortgage knows that the *actual* fair market value of the property is far too little to secure its loan, the success of the conspiracy to defraud purchaser/borrowers is dependent upon the acquisition of FHA or other mortgage insurance so that the predatory lenders, or any of its assignees, will be protected in the event the mortgagors default.

80. Upon information and belief, an essential element in carrying out the fraudulent predatory lending scheme is the acquisitions by Well Fargo Home Mortgage of a fraudulently inflated appraisal of the property, which appraisal is shown to both HUD and the purchaser/lender, and is used to mislead purchasers/borrowers into believing that the appraisal was performed by or on behalf of the FHA Commissioner, thus acquiring enhanced credibility.

81. Upon information and belief, where the property to he sold is in need of substantial work, Well Fargo Home Mortgage frequently conspires with contractors, including the defendants Bruce Howard, Asef Mortgage Capital, Steven Shahipour, Panebianco Thomas, Albert Basal, Alfred Basal, Alfred Basal Janus Abstract, Michael Craigton, and others, and insist that Seller choose the contractor to perform the work and pay for that work out of a repair escrow fund held by Well Fargo Home Mortgage.

82. Upon information and belief, this work is often not completed, performed in a shoddy fashion, and at a price less than the amount held in escrow by Well Fargo Home Mortgage, which amount is then retained by Well Fargo Home Mortgage.

**<u>The Conspiracy to Defraud Plaintiff:</u>**

83. Upon information and belief, Well Fargo Home Mortgage conspired and colluded with Bruce Howard, Asef Mortgage Capital, Steven Shahipour, Panebianco

Thomas, Albert Basal, Alfred Basal, Alfred Basal Janus Abstract, Michael Craigton, and others (a)steer the plaintiff to the subject premises at 373 Marion Street Brooklyn, New York, (b) manipulate her into retaining Panebianco Thomas as their counsel, conceal from them the actual fair market value of the subject property (c) deceive them into purchasing the premises for almost twice what had sold for in the same condition approximately two months earlier; (d) deceive them into believing they could obtain legitimate and affordable financing from Well Fargo Home Mortgage, (e) deceive them into believing that the premises would be promptly, fully and competently repaired and available for occupancy shortly after the closing; and (f) mislead the plaintiff into believing that the monthly mortgage payments would be deferred until the premises were suitable for occupancy.

84. Upon information and belief, the role of the defendant Well Fargo, acting through various other private defendants, in furtherance of the conspiracy to defraud plaintiff is set forth above.

85. Upon information and belief, all of the misrepresentations and concealment of material facts engaged in jointly and/or individually by the defendants were intended to deceive and defraud plaintiff, and/or prevent her from discovering the fraudulent scheme, and plaintiff relied on these misrepresentations and acts of concealment to her detriment.

86. But for the fraudulent misrepresentations and acts of concealment of the defendants jointly and individually, the plaintiff would not have proceeded with the purchase of the subject premises or entered into the financing or repair agreements incident thereto.

87. By virtue of the instant conspiracy to defraud, the plaintiff has sustained actual damages of at least $550,000, and damage to their respective credit in an amount not known or ascertainable.

88. Upon information and belief, the plaintiff has constant depression, anxiety, loss of sleep, physical discomfort and dislocation as the result of having been victimized by the defendants and the conspiracy to commit fraud against them.

89. Upon information and belief, the plaintiff is entitled to compensatory damages in an amount to determined by the trier of fact.

90. Upon information and belief, the gross, wanton and willfully fraudulent conduct directed to both plaintiff, in particular, and the minority, first-time home buying segment of the general public, and in order to both punish and deter the defendants jointly and individually from engaging in the same or similar conduct in the future, plaintiff demand an award of punitive damages in the amount of Ten Million ($10,000, 000) against the defendants jointly and individually, and rescission of any contract or agreement related to the purchase of the subject premises and the financing thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

91. The plaintiff repeat and re-allege all of the allegations set forth involve as if fully set forth in this paragraph.

92. The false and deceptive representations and/or acts of fraudulent concealment committed by or on behalf of defendants Bruce Howard, Steven Shahipour, Michael Craigton Steven J. Baum, Panebianco Thomas in their capacities as principals officers, employees and/or agents of Well Fargo Home Mortgage, as set forth above fraudulently induced the plaintiff to enter into both the sale of the subject premises, the mortgage and note which financed it, and the repair agreement if any.

93. Upon information and belief, by reason of the willfully fraudulent conduct set forth, the plaintiff have sustained actual damages in the amount of at least $550,000 and damage to their respective credit in an amount not yet known or ascertainable.

94. Upon information and belief by reason of the willfully fraudulent conduct set forth above, the plaintiff have suffered deep and constant depression, fear, anxiety, loss of sleep, physical discomfort and dislocation, for which they are entitled to compensatory damages in an amount to be determined by the trier of fact.

95. Upon information and belief, by reason of the gross, wanton, and willfully fraudulent conduct of defendants Well Fargo Home Mortgage, it principals, officers, employees and agents as alleged above, as well as the damaging effect such conduct has on a substantial segment of the general public, punitive damages in amount of $10,000,000 against defendant Well Fargo Home Mortgage and $1,000,000 and against defendants Bruce Howard, Steven Shahipour, Michael Craigton, Steven J. Baum, Panebianco Thomas, individually should be imposed.

96. Further, by reason of the conduct of said defendants as alleged above, the plaintiff is entitled to the rescission of the mortgage and note entered into between plaintiff and Well Fargo Home Mortgage, and any successor assignee of said mortgage and note.

## AS AND FOR A THRID CAUSE OF ACTION

97. The plaintiff repeat and re-allege the allegations set forth above as if fully alleged in this paragraph.

98. Upon information and belief, Alfred Basal, Albert Basal and Fred Basal all members of Plaza Homes LLC. which Limited Liability Company acts at the direction and on behalf of herself and all members of the Limited liability Company.

99. Upon information and belief, the defendant Plaza Homes LLC. acts in conspiracy, collusion and concert with defendant Asef Mortgage Capital and its officers and employees, including Steven Shahipour and Bruce Howard, and, as such, acts in furtherance of the scheme to defraud purchasers/borrowers, including plaintiff in this case.

100.    Asef Mortgage Capital their officers and employees as alleged above, fraudulently induced plaintiffs to purchase the subject premises at a grossly inflated sale price, and finance said grossly inflated sale price through Well Fargo Home Mortgage, by engaging in conduct set forth above.

101.    By reason of said fraudulent conduct committed by the officers, employees and/or principals of Plaza Homes LLC and Asef Mortgage Capital the plaintiff has sustained actual damages in the amount of $550,000, and damage to their respective credit in the amount not yet known or ascertainable.

102.    By reason of said fraudulent conduct, the plaintiff has suffered constant depression, fear, anxiety loss of sleep and physical discomfort ad dislocation as the result of having been victimized by these defendants and are entitled to compensatory damages in an amount to be determined by the trier of fact.

103.    By reason of the gross, wanton and willfully fraudulent conduct alleged in paragraphs above, as well as damaging effect such conduct has upon a substantial segment of the general public, the punitive damages should be imposed as follows:

(a) $5,000,000 jointly and severally upon Alfred Basal, Albert Basal, Fred Basal and Plaza Homes LLC.  (b) $5,000,000 jointly and severally upon Asef Mortgage Capital and  Steven Shahipour  and (c) $5,000,000 upon Bruce Howard.

## AS AND FOR A FOURTH CAUSE OF ACTION

104.     Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

105.     The defendant Panebianco Thomas was retained to act as the attorney for the plaintiff in all aspects of the purchase of the subject premises and financing thereof.

106.     As such, the defendant Panebianco Thomas owed a fiduciary duty to act in the best interests of the plaintiff, and was duty bound to them to disclose any conflict of interest he may have had in discharging that duty.

107.     Also utterly failed to meet the minimum standard of competence required of an attorney and constitutes professional malpractice.

108.     By reason of the conduct alleged above, defendant Panebianco Thomas grossly, want only and willfully breached his fiduciary duty to the plaintiff and caused them to suffer actual damages in the amount of $550,000.

109. By reason of said conduct by defendant Panebianco Thomas, the plaintiff and caused them to suffer actual damages in the amount of $550,000.

110. By reason of said conduct by the defendant Panebianco Thomas, the plaintiff have suffered constant depression, fear, anxiety, loss of sleep and physical discomfort and dislocation, and are entitled to compensatory damages in an amount to be determined by the trier of fact.

111. By reason of said defendant's wanton, willful, reprehensible and outrageous professional misconduct in knowingly and intentionally breaching of his fiduciary duty to plaintiff, punitive damages in the amount of $1,000,000 should be imposed against him.

## AS AN FOR A FIFTH CAUSE OF ACTION

112. Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

113. The defendant Michael Craigton as an employee or officer of Stein and Sheidlower LLP was retained to act as settlement agent on behalf of HUD in all aspects of the purchase of the subject premises and financing thereof.

114.    As such, the defendant Michael Craigton owed a fiduciary duty to act in the best interests of the plaintiff, and was duty bound to them to disclose truthfully the repairs cost in connection to the 203k loan and the disbursement of this funds.

115.    Also Mr. Craigton utterly failed to meet the minimum standard of competence required of an attorney and constitutes professional malpractice.

116.    By reason of the conduct alleged above, defendant Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

117.    grossly, and willfully breached his fiduciary duty to the plaintiff and caused them to suffer actual damages in the amount of $550,000.

118.    By reason of said conduct by defendant Michael Craigton, he caused the plaintiff to suffer actual damages in the amount of $550,000.

119.    By reason of said conduct by the defendant Michael Craigton, the plaintiff has suffered constant depression, fear, anxiety, loss of sleep and physical discomfort and dislocation, and are entitled to compensatory damages in an amount to be determined by the trier of fact.

120.    By reason of said defendant's wanton, willful, reprehensible and outrageous professional misconduct in knowingly and intentionally breaching of his fiduciary

duty to plaintiff, punitive damages in the amount of $1,000,000 should be imposed against him.

## AS AND FOR A SIXTH CAUSE OF ACTION

121. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

122. The conduct of the defendant Steven J Baum in representing Well Fargo Bank in the loan modification process provided legal counsel to the plaintiff, as described above, utterly failed to meet the minimum standard of competence required of an attorney concealing the fact that the subject premises does not meet the requirement of FHA-HAMP and constitutes professional malpractice.

123. By reason of said professional malpractice, the plaintiff has suffered actual damages in the amount of $550,000

124. By reason of said professional malpractice the plaintiff has been caused to suffer depression, anxiety, loss of sleep, and physical discomfort and dislocation, and have been damaged in an amount to be determined by the trier of fact.

## AS AND FOR A SEVENTH CAUSE OF ACTION

125.     Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

126.     The defendant Junction Abstract is a title Company that was retained to issue title insurance in all aspects of the purchase of the subject premises and financing thereof.

127.     As such, the defendant Junction Abstract owed a fiduciary duty to act in the best interests of the plaintiff, and was duty bound to them to disclose truthfully the property was a five family and a store at the time of the purchase

128.     Also Junction Abstract utterly failed to meet the minimum standard of competence required of a title company and constitutes professional malpractice.

129.     By reason of the conduct alleged above, defendant Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

130.     grossly, and willfully breached his fiduciary duty to the plaintiff and caused them to suffer actual damages in the amount of $550,000.

131.    By reason of said conduct by defendant Junction Abstract, it caused the plaintiff to suffer actual damages in the amount of $550,000.

132.    By reason of said conduct by the defendant Junction Abstract, the plaintiff has suffered constant depression, fear, anxiety, loss of sleep and physical discomfort and dislocation, and are entitled to compensatory damages in an amount to be determined by the trier of fact.

133.    By reason of said defendant's wanton, willful, reprehensible and outrageous professional misconduct in knowingly and intentionally breaching of his fiduciary duty to plaintiff, punitive damages in the amount of $1,000,000 should be imposed against her

## AS AND FOR A EIGHTH CAUSE OF ACTION

134.    Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

135.    Congress designed the Truth-in-Lending Act (15 U.S.C. 1601, *et seq*) to protect consumers from inaccurate and unfair credit practices.

136.    The conduct alleged above, including the hidden costs, discrepancies and inconsistencies alleged in above, constitutes a violation of this Act, the plaintiffs

are entitled to recover actual damages, in an amount to be determined by the trier of fact, together with the costs of this action and reasonable attorneys' fees in an amount to be determined by the Court.

## AS AND FOR AN NINTH CAUSE OF ACTION

137.   Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

138.   New York State's General Business Law §349 (The Deceptive Practices Act) prohibits deceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service.

139.   Each of the non-governmental defendants has committed and/or conspired to commit one or more such acts and/or engaged in one or more such practices as set forth throughout this complaint.  Thus, the conduct set forth in this paragraph violates the Act:

140.   By reason of the above conduct, the above-captioned non-governmental defendants are jointly and severally liable for and plaintiff is entitled to an amount of $550,000 as and for their actual damages, as well as reasonable attorneys fees in an amount to be determined by the Court.

## AS AND FOR A TENTH CAUSE OF ACTION

141.     Plaintiff repeat and re-alleges the allegations set forth above as if fully set forth in this paragraph.

142.     By engaging in the conduct described in above, Well Fargo Home Mortgage assumed a fiduciary duty to the plaintiff to supervise, oversee and assure that the repair agreement and acquisition of an amended certificate of occupancy was carried out in a timely and competent manner, and Sahriar Afshari and Higinio Martinez agreed to perform all repairs in a complete and workmanlike fashion.

143.     As set forth above, Well Fargo Home Mortgage breached its fiduciary duty to the plaintiff, Sahriar Afshari and Higinio Martinez his contractual duty, damaging them in an amount to be determined by the trier of fact.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

144.     Plaintiff repeat and re-allege the allegations set forth above as if fully set forth in this paragraph.

145. Upon information and belief, the alleged assignment of the mortgage and note (the "loan") on the subject premises was made in furtherance of defendant Well Fargo Home Mortgage scheme to defraud the plaintiffs.

146. Plaintiff are entitled to a declaratory judgement of this Court determining that the alleged Merger of Well Fargo Bank NA and Well Fargo Home Mortgage obtained as a result thereof are subject to plaintiffs' claims in this action.

147. Plaintiff are also entitled to a preliminary injunction against Well Fargo Bank NA. enjoining them from taking any action, *pendent lite*, to foreclose the mortgage on the subject premises, as well as a permanent injunction against said defendant, its successors and/or assignees from taking any action to foreclose the mortgage on the subject premises.

148. Plaintiff have no adequate remedy at law. Plaintiff have not sought this or similar relief in any other action or proceeding.

WHEREFORE:

A. Upon plaintiff first cause of action, plaintiff demand judgement, jointly and individually, against all defendants co-conspirators in the amount of $550,000 plus the value of any damages to plaintiff credit as and for actual damages, an amount to be determined by the trier of fact as and for compensatory damages $10,000,000 as and for punitive damages,

and rescission of any and all contracts and agreements regarding the purchase of the subject premises and the financing thereof.`

B.  Upon plaintiff second cause of actual $550,000 plus the value of any damage to her credit as and for actual damages, an amount to be determined by the trier of fact as and for compensatory damages  $10,000,000.00 against defendant Well Fargo Home Mortgage and Asef Mortgage Capital and $1,000,000.00 against Plaza Home Mortgage, Alfred Basal Albert Basal,  Fred Basal, Bruce Howard, Panebianco Thomas, Steven Baum, Sahriar Afshari, Michael Craigton, Steven Shahipour, and Janus Abstract as and for punitive damages, and rescission of the mortgage and note entered into between plaintiff and Well Fargo Home Mortgage, and any successor and assignee of said mortgage and note.

C.  Upon plaintiff third cause of action, $550,000.00 plus the value of any damage to her credit as and for actual damages, an amount to be determined by the trier of fact as and for compensatory damages, $5,000,000.00 punitive damages jointly and individually against the individual Plaza Homes LLC. Albert Basal, Alfred Basal Fred Basal, Asef Mortgage Capital, Steven Shahipour, and Bruce Howard.

D.  Upon plaintiff fourth cause of action, $550,000.00 plus the value of any damages to her credit as and for actual damages an amount to be determined by the trier of fact as and for compensatory damages, and $1,000,000 as and for punitive damages against the defendant Panebianco Thomas.

E.  Upon the plaintiff fifth cause of action, $550,000 plus the value of any damages to her credit as and for actual damages against the defendants Stein and Sheildlower LLP and Michael Craigton and such compensatory damages as may be awarded by the trier of fact.

F.  Upon the plaintiff sixth cause of action against defendant Steven Baum, $550,000 plus the value of damages to her credit, as and for actual damages, plus the cost of this action and reasonable attorney fees in an amount to be determined by the court.

G.  Upon plaintiff seventh cause of action against defendant Janus Abstract, $550,000 plus the value of any damages to her credit as and for actual damages, plus the cost of this action and reasonable attorney fee in an amount to be determined by the court.

H.  Upon plaintiff eighth cause of action against all defendants, $550,000 plus the value of any damages to her credit as and for actual damaged against all individual defendants, plus the cost of this action and reasonable attorney fees in any amount to be determined by the court.

I.  Upon plaintiff ninth cause of action against all defendants, $550,000 plus the value of any damages to her credit as and for actual damages against all non-government defendants jointly and individually, plus the cost of this action and reasonable attorney fees in any amount to be determined by the court.

J.  Upon the plaintiff tenth cause of action,, against defendant Well Fargo Home Mortgage, Sahriar Afshari and Higinio Martinez  $550,000  plus the value of any damages to her credit as and for actual damages, resulting for failure to repair and renovate the subject premises.

K.  Upon plaintiffs eleventh cause of action, a declaratory judgment declaring that Well Fargo Bank NA. is not a holder in due course and is subject to all of the claims made herein against Well Fargo Home Mortgage, and a preliminary and permanent injunction enjoining Well Fargo Bank NA and any successors or assignees from taking any action to foreclose the mortgage on the subject premises and

L. for such other and further relief as to this court may seem just, equitable and proper.

## JURY DEMAND

Plaintiff demand a trial by jury as to all matters that are triable by a jury.

Dated:   Brooklyn, New York
         March 4, 2016

Emmanuella Agwu
Attorney at Law
90-25 161th Street Suite: 501
Jamaica, New York 11432
Tel. (718) 657-3800
Fax: (718) 657-3804

**MICHELLE LATOUCHE** being duly sworn, depose and say:

I am the Plaintiff in the within action and I have read the foregoing Complaint and the same is true to my own knowledge, except as to those matters alleged to be upon information and belief and, as to those matters, I believe them to be true. The grounds for my belief is my personal experiences, documents in my possession and investigation that I or my counsel have undertaken.

_____
**MICHELLE LATOUCHE**

Sworn to Before me this ___5th___
Day of March, 2013.

_____
Notary Public

Shinyoung Lee
Notary Public State of Maryland
My Commission Expires Nov. 10, 2018

